IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-03270-RBJ

MOVSES PERCH MIKAELYAN,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Movses Perch Mikaelyan's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Petition"). ECF No. 14.

Petitioner is an Armenian national who entered the United States in December 2008 on student status. *Id.* at ¶ 27. He resided in Steamboat Springs for about fifteen years, establishing ties in the community through his IT business. *Id.* at ¶ 28.

Due to a conflict stemming from the deterioration of his first marriage, Petitioner was arrested for harassment and stealing his first wife's information. *Id.* at ¶¶ 29–30. Both charges were dismissed, but these proceedings led Immigration and Customs Enforcement ("ICE") to detain and initiate removal proceedings

against Petitioner in April 2019. *Id.* at ¶¶ 29–31. He was granted bond on April 22, 2019. *Id.* at ¶ 32.

Petitioner had seven hearings before the Denver Immigration Court from October 2019 to December 2023. *Id.* at ¶ 33. However, he failed to appear at his February 16, 2024 hearing, which led to the Immigration Judge ordering him removed in absentia. *Id.* at ¶ 34.

Petitioner alleges that Al Deeds, a man who received IT services from Petitioner, found out about Petitioner's immigration issues and threatened that he would report Petitioner for theft unless Petitioner provided free services. *Id.* at ¶ 35. Deeds allegedly chained Petitioner's trailer to the ground and threatened Petitioner with a gun, which led to Petitioner providing free services for two years. *Id.* at ¶ 36.

When Petitioner left the land, leaving his trailer behind, he was charged and convicted of Unauthorized Use of a Financial Transaction Device, an aggravated felony where the loss to the victim exceeds ten thousand dollars. *Id.* at ¶¶ 37–39, 45, 47. He maintains these convictions were a result of ineffective assistance of counsel. *Id.* at ¶ 39.

On May 3, 2024, ICE detained Petitioner under 8 U.S.C. § 1231(a) based on the in-absentia removal order. *Id.* at ¶ 42. The in-absentia removal order was rescinded on July 18, 2024. *Id.* at ¶ 43. On September 11, 2024, the Immigration Judge found that Petitioner was subject to mandatory detention under 8 U.S.C.

§ 1226(c)(1)(B) based on his aggravated felony conviction. *Id.* at ¶ 45. However, on January 23, 2026, the court amended the sentencing order to fix the restitution amount at $7,156.83, below the $10,000 standard. *Id.* at ¶ 51. When Petitioner requested a new bond hearing to reevaluate his mandatory detention, the Aurora Immigration Court refused the request. *Id.* at ¶ 54.

Petitioner's current wife is also in the process of appealing the denial of her petition to classify Petitioner as the spouse of a United States citizen. *Id.* at ¶ 56. Petitioner alleges that ICE failed to expedite the appeal. *Id.* at ¶ 59. Without an approved petition by his wife, Petitioner was ordered removed on April 23, 2026, which is under appeal. *Id.* at ¶¶ 61–62. Since May 2024, Petitioner has been detained for over 28 months, experiencing mental health decline, severe weight gain, and medical issues. *Id.* at ¶ 63.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins Respondents from removing petitioner from the United States or transferring her out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of Petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless,

these considerations must be balanced with affording Respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for Petitioner is directed by Friday, October 9, 2026, to: (1) serve Respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

Within seven days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (stating that 28 U.S.C. § 2243's three-day deadline is "subordinate to the district court's authority to set deadlines") (citation omitted).

Dated: October 5, 2026. BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge